[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 25, 2005
THOMAS K. KAHN
CLERK

Nos. 04-10752 & 04-11290
Non-Argument Calendar

D. C. Docket Nos. 91-01032-CR-1-MMP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PABLO EDMUNDO CRUZ,

Defendant-Appellant.

Appeals from the United States District Court
for the Northern District of Florida

(October 25, 2005)

Before TJOFLAT, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

On July 12, 2000, less than two months after he was placed on supervised

release after serving a sentence of 120 months in a federal prison for drug trafficking, Pablo Edmundo Cruz was arrested in Dade County, Florida, and charged with a conspiring to traffic cocaine in violation of Fla. Stat. § 893.135. On August 3, 2000, the district court issued a warrant for his arrest for violating the terms of his supervised release that barred him from engaging in criminal activity. On January 29, 2004, the district court held a hearing to determine whether Cruz's supervised release should be revoked. Cruz, represented by Assistant Federal Public Defender Miller, pled no lo contendere to the allegation that he had been arrested in Dade County for conspiring to traffic cocaine. Based on that plea and after hearing from the parties (including Cruz), the court revoked his supervised release and sentenced Cruz to a prison term of 60 months.

After imposing this sentence, the court elicited objections, at which time Miller asked the court to give Cruz credit for time served (while in custody under the state charge) and to recommend that he be committed at "a halfway house at the end of his sentence." The court responded by saying that credit for time served and service in a halfway house were matters for the Bureau of Prisons to determine. The court entered judgment the same day. On February 3, 2004, Miller filed a notice of appeal on Cruz's behalf. On February 9, 2004, Cruz, proceeding pro se, moved the court for reconsideration of his sentence and for the

first time requested the court to order that his sentence run concurrently with his yet-to-be imposed state sentence. On February 23, 2004, the court denied Cruz's motion, stating in its order that it "has reviewed the Judgment and the motions of Mr. Cruz and finds no reason to alter its previous judgment."

Cruz now appeals that order, asking that we vacate his sentence and remand the case for further proceedings on two grounds: (1) that the district court erred in "concluding that it had no authority to order that [his] federal sentence . . . be served concurrently with his future, unimposed state sentence, or to recommend a [Bureau of Prisons] placement," and (2) that his sentence was not "reasonable under *United States v. Booker*, 125 S. Ct. 738 (2005)."

With respect to his first ground, Cruz states that the court's comment at sentencing, that "credit for time served is not a matter within my purview," indicates that the court thought it lacked authority to require that his sentence run concurrently with the yet-to-be imposed state sentence. We are not persuaded. First, the court did not make the comment in response to a request that it impose a concurrent sentence; such a request was not made until Cruz filed the motion for reconsideration on February 9, 2004. Second, the court was correct in saying that credit for time served is a matter for the Bureau of Prisons.

Cruz's <u>Booker</u> claim—that the court treated the sentencing guidelines as

mandatory rather than advisory—is raised for the first time on appeal; hence, we review it for plain error. See United States v. Rodriguez, 398 F.3d 1291 (11th Cir. 2005). The revocation hearing was brief. The transcript of the hearing does not reveal the applicable guideline sentence range; all that we know is that the court departed upwardly from the range and imposed the maximum sentence, 60 months. The court based its sentencing decision in part on its reduction of Cruz's initial sentence for substantial assistance. Cruz did not object to the court's decision to do so; nor did he object to the prescribed guideline sentence range. More to the point, Cruz's brief does not convince us that the court misapplied the guidelines. The question thus becomes whether Cruz has established the third element of the plain-error test—that the court's failure to treat the guidelines as advisory caused him prejudice. In other words, has he shown a reasonable probability that, had the court treated the guidelines as advisory, the court would have imposed a lesser sentence? Id. The answer is "no."

This leaves us with the ultimate question: was the sentence unreasonable? Given the record before the court, including Cruz's criminal history and demonstrated potential for recidivism—specifically drug trafficking—we could hardly say that the 60-month sentence is unreasonable.

AFFIRMED.